UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREATER INDIANAPOLIS CHAPTER OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al, </br></br>Plaintiffs,</br></br>v.</br></br>GREGORY A. BALLARD, Mayor of City of Indianapolis, and CITY OF INDIANAPOLIS,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)    CASE NO: 1:09-cv-0175-SEB-DML</br>)</br>)</br>)</br>) |

# Order on Motion to Stay (Dkt. 66), Motion for Enlargement of Time to Respond to Discovery (Dkt. 90), and Motion to Quash (Dkt. 81)

The plaintiffs in this case, a number of African-American police officers and firefighters, as well as the Indianapolis Chapter of the NAACP, allege in their amended complaint that the testing, scoring, and other procedures used for making promotions in the Indianapolis Metropolitan Police Department ("IMPD") and the Indianapolis Fire Department ("IFD") are racially discriminatory. The individual plaintiffs allege that they were treated differently from similarly situated Caucasian officers in the promotion process. They further allege that the criteria and procedures IMPD and IFD employ to determine who will be promoted have a disparate impact on African-Americans.[1] Broadly put, the plaintiffs assert both disparate treatment and disparate impact claims.[2]

---

[1] Whether those allegations are adequate to state a claim for disparate impact is the subject of the defendants' motion for judgment on the pleadings, described *infra*. The court does not express any view as to the sufficiency of the complaint.

[2] That said, the distinction between the two types of claims is not clearly articulated in the allegations of the amended complaint, nor is it evidenced in the plaintiffs' discovery requests. Drawing a line between disparate treatment discovery and disparate impact discovery (as the defendants ask the court to do with their motion to stay) would not be easy.

On October 1, 2009, the defendants, Mayor Gregory Ballard and the City of Indianapolis, filed a Motion for Partial Judgment on the Pleadings. They raise numerous arguments in that motion, including that (1) the plaintiffs' state law claims are barred by the Indiana Tort Claims Act and the Indiana Constitution, (2) the NAACP lacks standing to sue, (3) the plaintiffs cannot maintain claims under 42 U.S.C. § 1981; and (4) some plaintiffs have not exhausted their administrative remedies or timely filed with the EEOC. Most important for purposes of the motions before the court, the defendants maintain that the plaintiffs' disparate impact claims should be dismissed because they were not part of the plaintiffs' EEOC charges, are not adequately pled in the amended complaint, and are not viable under Title VII or 42 U.S.C. § 1983.

On November 6, 2009, then Chief Judge Hamilton heard and denied the plaintiffs' motion for a temporary restraining order, after which the case was set for an initial pretrial conference. The parties' proposed case management plan, to which the defendants agreed and which the court approved, set September 3, 2010, as the deadline for all liability discovery. The defendants did not include in the proposed case management plan any assertion that discovery in this case should be delayed. The plaintiffs then served a number of written discovery requests on the defendants.

On December 22, 2009, the defendants filed a motion to stay discovery completely as to the disparate impact claim and to permit only limited discovery on the disparate treatment claims Dkt. 66) pending the court's ruling on their motion for judgment on the pleadings.[3] The motion

---

[3] Although the defendants do not say so, the court infers that the limitations the defendants ask the court to impose on disparate treatment discovery would not end upon the court's ruling on the motion for judgment on the pleadings, but rather are in the nature of a motion for protective order limiting disparate treatment discovery for the duration of the case.

to stay is now fully briefed. Because of the motion for stay, the defendants also request an enlargement of time to respond to the discovery requests. (Dkt. 90)

On January 15, 2010, the plaintiffs also served a subpoena duces tecum and for deposition on non-party Dr. Jeffrey C. Savitsky. Dr. Savitsky is the president of the Institute for Public Safety Personnel, Inc., which has a contract to develop and administer promotion testing for IMPD and IFD. The subpoena directs Dr. Savitsky to testify and provide several categories of documents related to the formulation and scoring of promotion testing. The requests cover 1998 to the present and all job titles and ranks for which IMPD and IFD have made promotions. Dr. Savitsky has moved to quash the subpoena (Dkt. 81). He maintains that the documents the plaintiffs seek from him "appear to be aimed at disparate impact claims" and that the subpoena duces tecum served on him should therefore be quashed at least until the court rules on the defendants' motion to stay all disparate impact discovery. Dr. Savitsky also maintains (1) that certain limitations the defendants have requested in the context of disparate treatment discovery should be imposed on the discovery the plaintiffs seek from him, (2) that he may seek reimbursement because of the volume of documents requested, and (3) that the plaintiffs' requests implicate confidentiality issues that will need to be addressed.

As explained below, the motion to stay is GRANTED IN PART and DENIED IN PART, the defendants' motion for enlargement of time is GRANTED, and the motion to quash is GRANTED IN PART and DENIED IN PART AS MOOT.

**Motion to Stay**

      A.     Disparate Treatment Discovery

The defendants argue that the plaintiffs' discovery requests should be temporally limited to the five-year period preceding the filing of this action and substantively limited to information about "similarly situated" employees. The plaintiffs have made no specific response to these

3

arguments, so the court has no basis for determining that the limitations imposed in the decisions cited by the defendants would not be reasonable here. But despite the lack of a direct response, the court cannot endorse the defendants' erroneous assertion that "[s]imilarly situated persons would be other African American members of the IMPD and IFD." (Dkt. 67 at p. 7) The purpose of looking to similarly situated employees is to permit a comparison with individuals who do not share the protected classification (here, the plaintiffs' race). The defendants are therefore required to provide responsive information directed to the race of the employees (including Caucasians), but not gender and other demographic information, for the period beginning January 1, 2004, through the present. Consistent with this framework, the defendants' motion is GRANTED.

      B.      Disparate Impact Discovery

The defendants have not demonstrated to the court that a stay of all disparate impact discovery is appropriate. First, it is clear to this magistrate judge that Judge Hamilton directed the parties in November to proceed with discovery without delay. Indeed, he expressed concern that the plaintiffs had not done discovery before the hearing in November 2009, the focus of which was "disparate impact." Second, the defendants' contention that "[i]t is well-settled that discovery is generally considered inappropriate" while a dispositive motion is pending (Dkt. 67 at p. 9) is simply not true. The appropriateness of a stay is not presumed and depends on the circumstances of the case. In this case – where the principal arguments the defendants advance in support of dismissal of the disparate impact claims are closely connected to the factual allegations rather than to discrete jurisdictional or procedural arguments – staying discovery would not promote the efficient resolution of the case. As the defendants explained in the Case Management Plan, they will be seeking summary judgment on all the plaintiffs' claims. The plaintiffs are entitled to take discovery before responding to a motion for summary judgment.

Finally, as noted above, the exercise of distinguishing discovery directed to disparate impact issues from discovery directed to disparate treatment issues is not an easy or mechanical task in this case. As a practical matter, a stay of the former would likely produce multiple, intractable discovery disputes that the court would have to resolve and that would create further delay and the taxing of the resources of the parties and the court. For these reasons, the motion to stay all disparate impact discovery is DENIED. The court further ORDERS that before the filing of any future motion regarding a discovery issue, counsel for the parties must first comply with Fed.R.Civ.P. 37(a) *and* must telephone the magistrate judge's office to request a discovery conference.

**Motion for Enlargement of Time**

With their motion for enlargement of time, the defendants request an additional thirty days following this order to respond to the plaintiffs' outstanding discovery requests. That motion is GRANTED. The defendants shall have until March 8, 2010, to respond to the plaintiffs' discovery requests, consistent with this Order. Counsel for the parties shall also promptly negotiate with respect to an agreed protective order addressing confidentiality issues so that an order, if appropriate, can be in place to facilitate production of documents by March 8, 2010.

**Motion to Quash**

Because Dr. Savitsky's motion to quash is premised in part on the contention that he should not be required to respond until the court rules on the defendants' motion to stay, the motion to quash is to that extent DENIED AS MOOT.

5

Dr. Savitsky's other contentions require further consideration. His request that the temporal and substantive limitations on discovery the defendants have requested be applicable to him is GRANTED, consistent with the court's rulings above on those requests.[4]

In addition, because of the volume and breadth of the materials requested by the subpoena, as well as the confidentiality issues Dr. Savitsky has raised, the court GRANTS Dr. Savitsky additional time to comply with the subpoena. Dr. Savitsky shall have up to an additional thirty days to comply with the subpoena. Counsel for the plaintiffs and for Dr. Savitsky shall promptly negotiate the terms of an appropriate protective order to address confidentiality issues and present it to the court for approval. They shall also confer promptly to establish a mutually acceptable date for Dr. Savitsky's deposition, which shall be taken by March 8, 1010.

So ORDERED.

Date: 02/04/2010

                                                Debra McVicker Lynch
                                                United States Magistrate Judge
                                                Southern District of Indiana

---

[4] The court notes that Dr. Savitsky has apparently requested these limitations in connection with disparate impact discovery, even though the defendants have asked that they be imposed on disparate treatment discovery. As noted above, the parties have not presented any clear basis for distinguishing between the two types of discovery requests, and subject to further consideration and order, the temporal and substantive limitations outlined above apply to all the discovery requests.

Distribution:

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Gregory P. Gadson
LEE COSSELL KUEHN & LOVE LLP
ggadson@nleelaw.com

Wayne C. Kreuscher
BARNES & THORNBURG LLP
wayne.kreuscher@btlaw.com

Nathaniel Lee
LEE COSSELL KUEHN & LOVE LLP
nlee@nleelaw.com

Cherry Malichi
LEE COSSELL KUEHN & LOVE LLP
cmalichi@nleelaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Marc Pe-Caine Sultzer
OFFICE OF CORPORATION COUNSEL
msultzer@indygov.org