UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDALE L. ADAMS, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 1:09-cv-175-SEB-DML |
| CITY OF INDIANAPOLIS, | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint [Docket No. 143], filed on October 12, 2010, pursuant to Rules 15(a) and (c) of the Federal Rules of Civil Procedure, and Plaintiffs' Motion to Alter or Amend Judgment [Docket No. 144], filed on October 15, 2010, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons detailed in this entry, we DENY Plaintiffs' Motion to Alter or Amend Judgment and DENY Plaintiffs' Motion for Leave to File Second Amended Complaint.

**Motion to Alter or Amend Judgment**

A motion to alter or amend judgment pursuant to Rule 59(e) allows the movant to bring to the Court's attention manifest errors of law or fact or newly discovered evidence. United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010) (citation omitted). Manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling

precedent." Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted). The purpose of a Rule 59(e) motion is to have the court reconsider matters "properly encompassed in a decision on the merits." Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989). A Rule 59(e) motion "'does not provide vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Resnick, 594 F.3d at 568 (quoting Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000)).

Plaintiffs' Rule 59(e) motion is directed to the Court's September 16, 2010 Order Granting in Part Defendant's Motion for Judgment on the Pleadings [Docket No. 135], specifically our rulings with respect to the following claims: (1) claims brought pursuant to the Indiana State Constitution; (2) the disparate impact claims, under both Title VII and Section 1983; (3) Plaintiff Anderson's hostile work environment claim; (4) the Section 1981 claims; and (5) the standing of the NAACP. In their brief in support of their Rule 59(e) motion, Plaintiffs both rehash prior arguments that were already addressed and rejected by the Court as well as present new arguments that could have and should have been advanced prior to entry of our September 16, 2010 Order. However, Plaintiffs neither present newly discovered evidence nor establish a manifest error of law or fact in the Court's Order. There simply is no evidence to suggest that we misapprehended Plaintiffs' claims or misapplied the law to those claims in light of the applicable law. Accordingly, we DENY Plaintiffs' Motion to Amend or Alter Judgment.

2

## Motion for Leave to File Second Amended Complaint

Plaintiffs' Motion for Leave to Amend seeks permission to revise Plaintiffs' claims though one amendment has already been filed and a further amendment would be untimely under the Case Management Plan, which set March 3, 2010, as the date by which amendments needed to be filed. Plaintiffs' Motion to File a Second Amended Complaint was filed October 12, 2010, more than seven months late, even though neither party moved to extend the March 3rd deadline. Thus, Plaintiffs must establish excusable neglect under Federal Rule Procedure 6, in addition to "good cause" pursuant to Rule 6 and Federal Rule of Civil Procedure 16(b)(4) before the amendments can be allowed.

Plaintiffs do not address the excusable neglect standard, but argue that there is good cause for the Court to accept the Second Amended Complaint, "given the lapse of time that has taken place from the original date of filing of the amended complaint, the scope of discovery and the time it took for the Court to rule on Defendants' Motion for Judgment on the Pleadings." Mot. at 5. Plaintiffs further contend that preventing them from filing their Second Amended Complaint would be improper "given the complexity of the case." Id. at 6. In support of this contention, Plaintiffs cite to the Northern District of Indiana's decision in Boyer v. Gildea, 2008 WL 5156661 N.D. Ind. Dec. 8, 2008, in which the court granted the plaintiff's motion to file a second amended complaint in light of "the complexity of [the] case, the motion practice of the parties, and the delays in the discovery process ... ." Id. at *5. In Boyer, the court emphasized that the plaintiff's "new and revised factual allegations appear to result from discovery that has occurred during

3

the last year." Id. The court went on to conclude that, because the plaintiff's counsel had previously indicated that many of the necessary facts related to the claims alleged in the amended complaint awaited discovery, "it would have been fair for the parties to anticipate that the Plaintiff would eventually seek to amend his Complaint to include new and revised factual allegations." Id.

Here, however, Plaintiffs do not point to facts that they learned during the discovery process that were unknown to them at the time they filed their original and first amended complaints. In fact, Plaintiffs state in their Motion to Amend that their proposed Second Amended Complaint contains "essentially the same" factual assertions as were contained in the original complaint and the first amendment. Mot. at 2. Thus, although Plaintiffs were apparently aware of those same facts in January 2009 and August 2009 when they filed their first two complaints, they failed either to amend their pleadings within the CMP deadline or to move to extend that deadline pending the Court's ruling on Defendants' Motion for Judgment on the Pleadings. Such circumstances do not constitute excusable neglect or good cause.

Moreover, even if Plaintiffs' Motion to Amend had been timely filed, the majority of Plaintiffs' proposed amendments would be futile. According to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, a district court may deny leave to file an amended complaint in the case of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment ... .'" Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis removed)).

In their Motion, Plaintiffs assert that "[t]he allegations and facts to be contained in the Second Amended Complaint for Damages are essentially the same as those set out in the Plaintiffs' original and Amended Complaints for Damages, except that the disparate/adverse impact claims, the 42 U.S.C. § 1981 claims, and the hostile environment claims of Plaintiff Danny Anderson will be clarified." Motion at 2-3. Defendants rejoin that, because the Court has previously addressed and dismissed the majority of these claims for reasons that cannot be remedied by amending the pleadings, they would be prejudiced if the Motion were granted and they were forced to again defend claims that the Court has already held are procedurally barred or legally unsupportable.

We agree with Defendants in most respects. For example, in our September 16, 2010 Order Granting in Part Defendants' Motion for Judgment on the Pleadings ("the Order"), we dismissed the individual Plaintiffs' disparate impact claims brought pursuant to Title VII not only because Plaintiffs failed to state a claim in their pleading, but also because they failed to exhaust their administrative remedies in their EEOC charges, which is a prerequisite to filing a Title VII claim in federal court. No amendment of the pleading can remedy this failure.

In the Order, the Court also dismissed Plaintiffs' disparate impact claims brought pursuant to § 1983, holding that such a theory is not available under the statute because, to prevail on a § 1983 claim, a plaintiff must prove that the government engaged in intentional discrimination. Docket No. 135 at 20-21 (citations omitted). Thus, amendment would be futile given that it is the legal elements of the disparate impact claim, not the underlying facts pled, that makes relief under § 1983 unavailable. Similarly, amendment will not save Plaintiffs' § 1981 claims, because, in line with other decisions from this court, the Northern District of Indiana, and a majority of circuit courts, we held that § 1983 is the sole avenue of relief against state actors for alleged violations of § 1981. Id. at 21 (citations omitted).

In light of Plaintiffs' failure to establish excusable neglect or good cause or to overcome the futility of amendments due to the legal deficiencies in their theories of relief, and the likelihood of prejudice to Defendants if the Motion were granted, we DENY Plaintiffs' Motion for Leave to File Second Amended Complaint.

IT IS SO ORDERED.

Date: _____05/06/2011_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Gregory P. Gadson
LEE COSSELL KUEHN & LOVE LLP
ggadson@nleelaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Wayne C. Kreuscher
BARNES & THORNBURG LLP
wayne.kreuscher@btlaw.com

Nathaniel Lee
LEE COSSELL KUEHN & LOVE LLP
nlee@nleelaw.com

Cherry Malichi
LEE COSSELL KUEHN & LOVE LLP
cmalichi@nleelaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org